IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN B. HUBER, individually
and as Executor of the Estate of
Patricia Ann Huber, Deceased,
and as the Personal
Representative of the
Beneficially Entitled Next of Kin,

    Plaintiff,

v.

MIAMI VALLEY HOSPITAL, INC.,

    Defendant.

:
:
:
:
:
:
:

Case No. 3:20-cv-294

JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION FOR
THE ISSUANCE OF A STAY ORDER (DOC. #31)

---

    Plaintiff, John B. Huber, individually and as executor of the estate of Patricia Huber, deceased, and as the personal representative of the next of kin ("Plaintiff"), has filed a Motion for the Issuance of a Stay Order ("Motion to Stay"). Doc. #31. Defendant, Miami Valley Hospital, Inc. ("Miami Valley" or "Defendant"), has filed a Memorandum in Opposition. Doc. #33. Plaintiff has not filed a reply. For the reasons set forth below, Plaintiff's motion is overruled.

Plaintiff filed an Amended Complaint on October 12, 2022, Doc. #27, asserting claims under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. 1395dd. Before the Court is Plaintiff's Motion to Stay, filed November 10, 2022. Doc. #31. Plaintiff states in his motion that he has filed a complaint against the Center for Medicare Services ("CMS") with the Office of the Inspector General ("OIG") and that the outcome of this investigation will impact the Third Count of the Amended Complaint.[1] Doc. #31, PageID#301. The motion does not state when the complaint was filed or the status of the alleged OIG investigation. Plaintiff contends, however, that OIG investigations "reportedly require a minimum of a 3-month period before any findings are made." *Id.* PageID#301. He attaches to the Motion for Stay a "condensed summary" of the complaint filed with the OIG entitled "Deceptions Common to All EMTALA 'Rights' Signs Promulgated by the Center for Medicare and Medicaid Services (CMS)." *Id.*, PageID##302-303. He argues that if the Court grants the motion, the OIG can investigate his complaint "unimpeded," the costs to the Court and the parties will be lessened and the discovery and the case will "remain a simple one between two parties." *Id.*, PageID#301.

The Court considers the following factors in deciding whether to grant a motion for stay: (1) whether a need for the stay has been established and whether

---

[1] Count Three of the Amended Complaint is entitled "Defendant willfully, wantonly and intentionally, and with an improper motive took affirmative steps designed to mislead and misinform both staff and patients in the ER as to the mandates of the law in order to lessen facility utilization by persons of modest means."

2

the non-moving party will suffer undue prejudice if the stay is granted; (2) the stage of the litigation and whether a stay will simplify the issues; and (3) whether the granting of the stay will reduce the burden for both the Court and the parties. *Cordell v. Sugar Creek Packing Co.*, Case No. 2:21-cv-755, 2022 WL 4111175, *2 (Aug. 16, 2022)(Marbley, J.)(motion to stay granted and motion to certify class conditionally under FLSA denied without prejudice where issue of whether a putative collective action should be conditionally certified was implicated in a matter pending before the Sixth Circuit).

Here, Plaintiff provides no facts in support of his motion and merely asserts that a stay will keep the case from becoming "complex" and will conserve the resources of both the Court and the parties. Miami Valley, on the other hand, argues that it will be unfairly prejudiced by a stay order since the OIG's website states, among other things, that it provides no information on the status of complaints, does not confirm if an investigation has been initiated and that not all complaints are investigated. Doc. #33, PageID#310 https://oig.hhs.gov/fraud/report-fraud/before-you-submit/. Given this lack of information, Defendant argues it is unknown when, if at all, that the OIG will conduct an investigation and, as a result, it will suffer further delay since the Complaint was filed on July 16, 2020, Doc. #1. As such, it contends it will be unfairly prejudiced due to potential spoiliation of evidence, lack of witness availability and their inability to recollect due to the passage of time. *Smith v. First Energy*, Case No. 2:20-cv-3755, 2021 WL 507881 (Feb. 11, 2021)(Jolson, M.J.)

(motion to stay overruled despite unresolved and related criminal and securities litigation and pending motion to dismiss).

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket[.]" *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626 (6th Cir. 2014) (quotation marks and citation omitted). Here, Plaintiff has not shown a need for the stay and although the case is in the early stage of litigation, at least with respect to discovery, there is no evidence before the Court that a stay will simplify the issues or reduce the burden for both the Court and the parties. The only thing that is certain is that granting Plaintiff's motion will unfairly prejudice Defendant, since the stay would be for an indefinite period of time given that the OIG will not confirm if it is investigating the complaint and if so, how long the process might take.

Accordingly, Plaintiff's Motion to Stay, Doc. #31, is OVERRULED.

January 3, 2023

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

4